STATE ex rel. Rosemary Jean BARTON
et al., Relators,

Rosemary Jean Barton, Plaintiff-Appellant,

v.

F. William HUMAN, Jr., et al.,
Respondents,

St. Louis County, Intervenor, Respondent.

No. 36053.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 10, 1974.

Benjamin Roth, St. Louis, for plaintiff-appellant.

Lewis, Rice, Tucker, Allen & Chubb, Frank P. Wolff, Jr., F. William McCalpin, St. Louis, for respondents.

Thomas W. Wehrle, Morton I. Golder, George W. Lang, II, Clayton, for intervenor.

SMITH, Presiding Judge.

Relator appeals from a judgment of the Circuit Court of St. Louis County quashing an alternative writ of mandamus against respondents, the members of the Board of Election Commissioners of St. Louis County. We affirm.

By her application for writ relator sought to compel the respondents to submit Ordinance 6749 of St. Louis County to referendum at the next general election. The facts were stipulated; no question is posited of the sufficiency of the petitions for referendum. The dispute turns on whether Ordinance 6749 is subject to referendum under the Charter of St. Louis County. That Ordinance provided that certain federal revenue sharing money[1] in the St.

---

1. 31 U.S.C. § 1221 et seq.

Louis County Fiscal Assistance Trust Fund be placed to the credit of the Department of Parks and Recreation. Such money was to be used as an advance of funds pending issuance of revenue bonds more fully described in Drey v. Roos, (Mo.App. Aug. 27, 1974). The specific funds under the ordinance were to be expended to develop a golf course in Queeny Park and to be repaid to the Trust Fund upon sale of the revenue bonds. Since the filing of the referendum petitions, ordinance 6749 has been repealed, and another ordinance having the same subject has been enacted. The intervenor, St. Louis County, contends this renders the litigation moot. It does not.

"The people cannot refer a measure until it has been adopted by the General Assembly and signed by the Governor, and only lacks the required efflux of time to become a law. On the other hand, the General Assembly, after the right of reference has been invoked, cannot interfere with a referred measure by the passage of another on the same subject until after the one referred has been voted upon by the people and their power in that respect exhausted." State ex rel. Drain v. Becker, 240 S.W. 229 1. c. 232 (Mo. banc 1922). See also, In re Condemnation of Property for Park, etc., 263 S.W. 97, 1. c. 102 (Mo. banc 1924).

Much of the briefing and argument in this case has hinged around whether the ordinance in question is legislative or administrative and therefore inherently subject to referendum or not. Whatever the delineation of the ordinance, we look first to the basic document which creates the right to referendum, here The County Charter. Sec. 9.030 of that document provides:

"Petitions signed by five hundred registered voters and filed with the county clerk within ten days of the enactment of any ordinance, *except ordinances which become effective immediately upon enactment,* shall serve to postpone for forty days the effective date of such ordinance." (Emphasis supplied.)

The quoted portion plus the remaining portions quoted in the margin[2] make it clear that ordinances becoming effective immediately are not subject to referendum. Sec. 2.120 lists five categories of subject matter wherein ordinances become effective immediately. The second of those categories is: "Appropriations for the support of the county government . . . ."

The ordinance in question specifically appropriated money to the Department of Parks and Recreation for a specific purpose. It is solely an appropriation ordinance directly setting apart a certain sum for a certain purpose. See Heinkel v. Toberman, 360 Mo. 58, 226 S.W.2d 1012 (banc 1950) [1]; Harvey v. Linville, 318 Mo. 698, 300 S.W. 1066 (1927) [5, 6].

Under Article IV Parks and Recreation is one of the departments of the county government along with administration, health, highways and traffic, hospitals, police, public works and others. Under Sec. 2.180 the county council has the power to "Appropriate money . . . for any public purpose." The construction

---

2. "Section 9.030. Petitions signed by five hundred registered voters and filed with the county clerk within ten days of the enactment of any ordinance, except ordinances which become effective immediately upon enactment, shall serve to postpone for forty days the effective date of such ordinance. Petitions proposing a referendum on such ordinance shall be signed by registered voters equal in number to at least five percent of the total vote cast for governor in each of the council districts at the last election at which a governor was chosen and shall be filed before the new effective date of such ordinance. Such petitions shall be filed with the office or officer charged with conducting elections in the county which shall be the judge of their sufficiency. The question of approving or rejecting the ordinance shall be submitted at the next general election held at least sixty days after the petitions are filed. Any measure referred to the people shall take effect when approved by a majority of the votes cast thereon. This section shall not be construed to deprive any member of the council of the right to introduce any measure."

of a golf course in a public park is a public purpose, authorized by the language of Sec. 67.755, RSMo 1969, V.A.M.S. See also Sec. 64.341, RSMo 1969, V.A.M.S. We therefore conclude that Ordinance 6749 is an appropriation for the support of county government, it becomes effective immediately upon enactment and is not subject to referendum.

Relators seek to bring this case within State v. Strahm, 374 S.W.2d 127 (Mo. banc 1964), involving a referendum on the flouridation of water in Kansas City. While the ordinance there purported to be strictly an appropriation measure, it committed the city to a new course of action —the adding of chemicals to City water solely for the therapeutic effect upon the person drinking the water. The history of the ordinance further indicated that it may well have been adopted in the form it was (a previously proposed ordinance clearly subject to referendum having been abandoned) to avoid referendum. We view Strahm as being an unusual case and the holdings therein as limited closely to the facts. We do not view it as a holding that any improvement or facility not theretofore used by the county, for which an appropriation is made, is subject to referendum. If such were the law, every time a new apparatus for law enforcement or a new type of recreational equipment were proposed for purchase (and an appropriation made) a referendum would be warranted.

We believe the definition of "support" found in State ex rel. Blakeslee v. Clause, 85 Wash. 260, 148 P. 28 (1915) is applicable:

"When so considered, 'support' includes appropriations for current expenses, maintenance, up-keep, continuation of existing functions, as well as appropriations for such new buildings and conveniences as may be necessary to meet the needs and requirements of the state in relation to its existing institutions." [2].

The unusual situation presented by Strahm is not before us. As mandated in Strahm we look to the substance and purpose of the ordinance. It is an appropriation of money to construct a legitimate recreational facility by a department of the County Government. As valuable as referendum and initiative are, there are areas of operation of the county government which must be handled by the duly elected representatives of the people, and the Charter so recognizes. This is one of them.

Judgment affirmed.

CLEMENS and McMILLIAN, JJ., concur.