**ST. CHARLES COUNTY DISPATCH and Alarm Agency, Inc., et al., Appellants,**

v.

**ST. CHARLES COUNTY, Missouri, et al., Respondents.**

**State of Missouri ex rel., St. Charles County Dispatch and Alarm Agency, Inc., et al., Appellants,**

v.

**Jim Primm, County Clerk, St. Charles County, Missouri, Respondent.**

Nos. 74181, 74182.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 24, 1998.

David T. Hamilton, Schoenberg & Hamilton, St. Peters, for appellant.

**710**

Joann Leykam, St. Charles County Counselor, St. Charles, for respondent.

RICHARD B. TEITELMAN, Judge

In this consolidated matter, St. Charles County Dispatch and Alarm Agency, Inc. (hereinafter, "Agency"), a not-for-profit corporation which formerly contracted with St. Charles County to provide countywide fire and emergency medical dispatching services, together with several individual taxpayer appellants, appeal from adverse judgments in two related actions involving Agency's challenge to St. Charles County Ordinance No. 96–146, enacted on December 30, 1996 (hereinafter, "the Ordinance").[1] The Ordinance terminated the County's contract with Agency, and provided that the County itself would directly perform the county's central fire and emergency dispatching function.

In one action, Agency filed a petition for writ of mandamus in circuit court challenging the County Clerk's refusal to judge the sufficiency of signatures on referendum petitions seeking to require a referendum election on whether the Ordinance should be approved. The court entered judgment quashing its preliminary order in mandamus and denying a permanent writ. On appeal, Agency contends the trial court erred because the County Charter provides that an ordinance is subject to referendum unless it is effective "immediately upon enactment," and that other relevant provisions of the County Charter must be interpreted to mean that the Ordinance here at issue was not effective "immediately upon enactment."

In the other action, Agency appeals a judgment entered in favor of the County in a declaratory judgment suit brought by Agency, wherein the trial court determined that the Ordinance was not unconstitutional in that it did not violate Article VI, Section 18(c) of the Missouri Constitution. The trial court in that action further determined that the Ordinance did not impermissibly violate

1. St. Charles County's motion to dismiss this appeal for alleged mootness is denied.

2. A special exception is made for such ordinances, requiring a delay in the effective date of at least 30 days, to provide public notice before penalty provisions may go into effect Section

Section 321.243 RSMo 1994, and that the County was not required to strictly comply with the Board membership requirements set forth in the 1993 Revisions to that statute. The court held that as a matter of constitutional law the State cannot bind the County in the manner and selection of county officers designated to perform the dispatching function.

With respect to the declaratory judgment action, we have reviewed the briefs of the parties and the record on appeal. No error of law appears. The trial court's judgment was correct as a matter of law for the reasons well and succinctly stated in that judgment. An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

■ With respect to the mandamus action, an examination of the facts and the relevant provisions of the St. Charles County Charter demonstrates that the trial court did not err and accordingly the judgment must be affirmed.

The Ordinance was passed by the County Council on December 30, 1996. Section 7 of the Ordinance provided that it would take effect "from and after the date of its passage and approval." The Ordinance was approved and signed by the County Executive at 10:45 P.M. on December 30, 1996.

Article Two, Section 2.600 of the St. Charles County Charter (hereinafter, "the Charter") establishes the legal criteria and controlling definitions applicable to the enactment of bills and ordinances. Under Section 2.603, the County Council is required to specify the effective date of every ordinance, except for ordinances providing penalties.[2] That provision states:

2.603 The County Council shall specify the effective date of each Ordinance, **which may be any time after the approval by the County Executive.** [Emphasis added.]

2.603.1 provides: "No Ordinance providing a penalty for violations shall be effective sooner than thirty days after publication of same in a legal publication, or in a newspaper of general circulation in St. Charles County...."

Under Section 2.604 of the Charter the term "enactment," as applied to an ordinance, is specifically defined. Other than certain emergency bills, the Charter thus defines enactment as occurring upon the approval and signature by the County Executive of a duly passed bill. It states:

> 2.604 All Bills passed by the County Council shall, within five working days, be presented to the County Executive. **If the County Executive approves the Bill and signs it, the Ordinance shall be deemed enacted.** [Emphasis added.]

Section 2.605 of the Charter deals with emergency legislation. That section provides, in full:

> 2.605 To meet a public emergency affecting the *immediate preservation of the public peace, health, safety and welfare,* the Council may adopt emergency Ordinances. An emergency Bill shall be introduced in the form and manner prescribed for Ordinances. It shall be plainly designated as an emergency Bill and shall contain in the body of the Bill a declaration that an emergency exists. It shall set forth the facts in clear and specific terms to support the declaration. **If at least two-thirds of all Council Members vote in the affirmative, the Ordinance shall take effect immediately upon enactment.** But, if there is only a majority vote in the affirmative, it shall take effect immediately after it is signed by the County Executive. [Emphasis added.]

The Charter also contains provisions concerning the right of referendum reserved to the voters of St. Charles County. Section 8.300 of the Charter states, in its entirety:

> 8.300 REFERENDUM
>
> Petitions signed by five hundred *Registered Voters* and filed with the *County Clerk within ten days of the enactment* of any Ordinance, **except Ordinances which become effective immediately upon enactment,** shall serve to postpone for forty days the effective date of such Ordinance. Petitions proposing a referendum on such Ordinance shall be signed by *Registered Voters* equal in number to at least five percent of the total vote cast for Governor in each of the *Council Districts* at the last election at which a Governor was chosen and shall be filed before the new effective date of such Ordinance. Such petitions shall be filed with the *County Clerk,* who shall be the judge of their sufficiency. The question of approving or rejecting the Ordinance shall be submitted at the next General Election held at least sixty days after the petitions are filed. Any measure referred to the people shall take effect when approved by a majority of the votes cast thereon. This section shall not be construed to deprive any member of the Council of the right to introduce any measure. [Emphasis added.]

In the case at bar, supporters of the Agency who were opposed to the Ordinance promptly circulated referendum petitions. They obtained and submitted to the County Clerk, within the required ten days, the valid signatures of more than five hundred registered voters. They then proceeded to obtain additional signatures of registered voters on such petitions calling for a referendum on the Ordinance, and submitted them to the County Clerk on February 7, 1997, in an effort to satisfy the minimum requirements of Section 8.300. The County Clerk, however, refused to judge the sufficiency of these petitions, since the County took the position that the Ordinance was of the type that became "effective immediately upon enactment" and therefore was not subject to referendum. Agency then filed its mandamus action, seeking to compel the County Clerk to judge the petitions and hold a referendum. The trial court ultimately ruled in favor of the County, quashing its preliminary order in mandamus and denying a permanent writ. This appeal followed. Thus, the question now before this Court is whether the Ordinance was effective immediately upon enactment.

It was.

 Agency argues that the language in Section 2.605 of the Charter, which provides that if an emergency bill is approved by a vote of at least two-thirds of all Council Members then it does not require the signature of the County Executive and becomes effective "immediately upon enactment," means that such a bill is the only circumstance wherein an ordinance can ever become effective immediately upon enactment.

The argument lacks merit because it completely ignores the fact that Section 2.605 deals exclusively with emergency bills, and that for all other ordinances the term "enactment" is specifically defined in Section 2.604. That section of the Charter clearly and unequivocally provides that an ordinance is "enacted" when the County Executive approves and signs the ordinance.[3] Thus, since the Ordinance here at issue contained an express provision stating that it was to take effect from and after the time it was approved and signed by the County Executive, there can be no doubt that it was indeed effective immediately upon "enactment" within the meaning of the Charter, and was therefore not subject to referendum.

Agency argues that this interpretation of the Charter——that the Council can make any ordinance (except penal ordinances) "effective immediately upon enactment" by designating that it takes effect when the County Executive signs the ordinance——would unwisely restrict the right of referendum in St. Charles County, in that elected Council members could preclude voter referendum review of virtually any measure. That is essentially a *policy* argument. However, in construing the Charter we are guided by the plain meaning of the words used in the Charter. This case is similar to *State ex rel. Barton v. Human*, 514 S.W.2d 100 (Mo.App. E.D.1974), in which this Court dealt with the question of whether a St. Louis County ordinance was effective immediately upon enactment. There, under the relevant provisions of the St. Louis County Charter that were at issue, we held that the ordinance in question clearly was one that became effective immediately

upon enactment and thus was not subject to referendum. *Barton* at 101. Here, the relevant provisions of the St. Charles County Charter are equally clear, and the same conclusion must be reached.

The judgment is affirmed.

Presiding Judge JAMES R. DOWD and Judge LAWRENCE G. CRAHAN concur.

---

3. Although this definition of "enacted" may differ somewhat from the meaning of that word as it would ordinarily or most often be understood, it nonetheless is clear and specific. The drafters of the Charter chose the applicable definitions when drafting it; and those definitions became law when the voters of St. Charles County adopted the Charter.