Eric DEEKEN, et al., Appellants,

v.

CITY OF ST. LOUIS, Respondent.

No. ED 77336.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 26, 2000.

Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., Jerome A. Diekemper, Richard P. Perkins, St. Louis, for appellant.

Thomas J. Ray, City Counselor, Edward J. Hanlon, Kathleen A. Tanner, St. Louis, for respondent.

Before: GARY M. GAERTNER, Sr., P.J., LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER, III, J.

## OPINION

PER CURIAM.

Appellants, Eric Deeken, David Reinke, Craig Duffy, Jacob Mueller, and the St. Louis Fire Fighters Association International Association of Fire Fighters Local 73, ("plaintiffs"), appeal the judgment entered by the Circuit Court of the City of St. Louis in favor of respondent, City of St. Louis, ("City"), dismissing plaintiffs' request for declaratory and supplemental relief from City's action of giving priority in hiring for the position of fire fighter to city employees over non-city employees. We affirm.

Plaintiffs Deeken, Reineke, Duffy and Mueller are candidates for the position of fire fighter in the City of St. Louis Fire Department. Plaintiff St. Louis Fire Fighters Association International Association of Fire Fighters Local 73 is a labor organization.

Plaintiffs sought a declaratory judgment, alleging the Director of Personnel, ("Director"), of City had violated the Charter of the City of St. Louis, ("the Charter"), in connection with the manner in

which he placed applicants on the eligibility list for hiring for the position of probationary fire private with City. Plaintiffs alleged Director violated the Charter by arranging the eligibility list for the position of probationary fire private in a manner which gives classified service applicants absolute priority over non-classified service applicants in the hiring of applicants for that position. Plaintiffs alleged that as a result of this ranking method, they were each ranked lower than they would have been if the eligibility list had been arranged solely by rating highest from lowest based on their competitive examination results.

City filed a motion to dismiss the action on the ground that the court lacked jurisdiction in that the individual plaintiffs did not exhaust their administrative remedies and on the ground that plaintiff St. Louis Fire Fighters Associations International Association of Fire Fighters Local 73 lacked standing.

On November 29, 1999, the trial court heard argument on City's motion, which was further supported by an affidavit and documents, submitted into evidence, establishing that plaintiffs Deeken, Reineke, and Duffy were taxpayers of City. The trial court granted City's motion to dismiss at that time. Plaintiffs appeal.

■ "In the interest of judicial economy, we review this matter as a summary judgment, deciding if the petition stated a claim for which relief can be granted ..." *Sale v. Slitz,* 998 S.W.2d 159, 162 (Mo.App. S.D.1999). "Review in such manner is consistent with holdings that state that [sic] a motion to dismiss is ordinarily confined to the pleadings and construed in the light favorable to plaintiff, but when matters outside the pleadings are considered and not excluded by the court, the trial court shall treat the motion to dismiss as one for summary judgment." *Id. See also Howard v. Armontrout,* 729 S.W.2d 547, 548 (Mo.App. W.D.1987). "Notice by the

trial court is not required where a party or parties acquiesced in the trial court treating a motion to dismiss as a motion for summary judgment." *Sale,* 998 S.W.2d at 162. "Where the parties introduce evidence beyond that contained in the petition, ... a motion to dismiss the petition is converted to a motion for summary judgment and the parties are charged with knowledge that the motion was so converted." *Id.*

In the case at bar, an affidavit and documents were submitted into evidence.[1] Therefore, the motion to dismiss was converted to a summary judgment and in the interest of judicial economy, we will review it as such.

■ Our review of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Further, we will affirm the trial court's judgment if it was correct on any ground supported by the record. *Id.* at 387–88.

■ This court is guided by the plain meaning of the words in the Charter. *St. Charles Cty. Disp. v. St. Charles Cty.,* 982 S.W.2d 709, 712 (Mo.App. E.D.1998).

Article XVIII, Section 2(a) of the Charter provides:

All appointments and promotions to position in the service of the city and all measures for the control and regulation of employment in such positions, and separation therefrom, shall be on the sole basis of merit and fitness, which so far as practicable, shall be ascertained by means of competitive tests, or service ratings, or both.

---

1. The record does not indicate there were any objections.

Under the plain reading of the Charter, Director had the discretion in creating lists of eligibility to rely on the service ratings as well as the competitive examinations. Therefore, this section specifically allows Director to take into consideration the service ratings of those employees already employed by City when ranking their eligibility. On the record before us it is clear that Director did not violate the Charter as he is authorized by such to create eligibility lists based both on service ratings and competitive tests.

Judgment affirmed.