**Sandra MITCHELL, Appellant,**

v.

**Martha MCEVOY, Respondent.**

**No. ED 89333.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 6, 2007.

James R. Williams, Belleville, IL, for appellant.

Clark H. Cole, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Factual and Procedural Background

On August 14, 2001, Sandra Mitchell, ("Plaintiff") went to the office of Dr. William Hart, M.D., located on the campus of St. John's Mercy Medical Center, for a "laser hair removal" procedure. Martha McEvoy, ("Defendant") a registered nurse, performed the laser hair removal treatment on Plaintiff.

On July 31, 2006, Plaintiff filed a lawsuit in the St. Louis County Circuit Court, alleging that she sustained burns to her chin, neck and chest as a result of the laser hair removal treatment. Plaintiff alleged that the device used by Defendant was either defective or malfunctioned, which caused the burns to her chin, neck and chest.

She claimed that Defendant was negligent for (1) failing to test or inspect the laser hair removal device; (2) failing to observe the damage done by the defective laser device before the completion of the treatment; or (3) calibrating or damaging the laser device causing it to lose calibration prior to the Plaintiff's treatment.

She alleged that, as a result of Defendant's negligence, she was injured in that (1) she expended money for necessary medical care, treatment and services and will be required to expend more money in the future; (2) she experienced pain and suffering and will be reasonably certain to experience the same in the future; (3) she suffered a disfigurement as a result of the injury; (4) she suffered humiliation as a result of the scars from her injuries; and (5) she lost wages and will suffer an impairment of future earning capacity. She prayed for damages in excess of $50,000.00.

Defendant filed her "Motion of Defendant Martha McEvoy to Dismiss Based on Expiration of Statute of Limitations." Defendant argued that, at the time of the laser hair removal treatment, she was a licensed registered nurse. She alleged that she provided the laser hair removal treatment to Plaintiff "in the course and scope of her employment" with William Hart, M.D. Defendant also claimed that she provided the laser hair removal treatment to Plaintiff in the "ordinary course of her practice and profession as a registered nurse."

Defendant cited Section 538.205(4),[1] which defines a registered or licensed practical nurse as a "health care provider." She argued that she was a health care provider who was providing health care services under Section 538.205(5) at the time she "dispensed" the laser hair removal treatment to Plaintiff. She reasoned that the statute of limitations, Section 516.105, requiring actions against health care providers to be brought within two

---

1. All statutory references are to Mo.Rev.Stat. 2000.

years, applied in this case to time-bar the litigation. She attached a five paragraph supporting affidavit.

In her response to Defendant's Motion to Dismiss, Plaintiff analogized this case to *Stalcup v. Orthotic and Prosthetic Lab, Inc.*, 989 S.W.2d 654 (Mo.App.E.D.1999), wherein this court found that the provision of a leg prosthesis was not a provision of health care. Plaintiff argued that laser hair removal was not a health care service and that the five year statute of limitations applied.

Plaintiff filed three photographs of her injuries as an exhibit supporting her response.

On January 8, 2007, the court heard argument and granted the motion to dismiss. Plaintiff appealed. On appeal, Plaintiff contends that the laser hair removal service was not a healthcare service, and therefore the trial court erred in dismissing this action because the medical malpractice statute of limitations is inapplicable to Plaintiff's claim. Defendant responds that the laser hair removal treatment was a health care service, and Section 516.105 bars litigation.

### Standard of Review

Defendant filed a motion to dismiss Plaintiff's petition, and attached to the motion an affidavit containing facts outside the pleadings. Plaintiff filed a response to the motion, attaching three photos of her injuries. Neither Plaintiff nor Defendant objected to the admission of facts outside the record. Defendant argues, and Plaintiff conceded at oral argument, that the motion to dismiss was converted to a motion for summary judgment under Rule 55.27(a) because facts outside the pleadings were presented to, and not excluded by, the court.

■ Rule 55.27(a) states

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 74.04.

Generally, a trial court must give notice to the parties that it is treating the matter as one for summary judgment. *See ADP Dealer Services Group, et al. v. Carroll Motor Company*, 195 S.W.3d 1 (Mo.App. E.D.2005). However, notice by the trial court is not required when a party acquiesces in the trial court treating a motion to dismiss as a motion for summary judgment. Id. When both parties introduce evidence beyond the scope of the pleadings, the motion to dismiss is converted to a motion for summary judgment and the parties are charged with knowledge that the motion was so converted. Id. Here, both parties presented matters outside the pleadings to the trial court which were not excluded. Neither party objected to the introduction of this evidence and both parties agree that the motion was treated as a motion for summary judgment.

■ Our review of a grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold the grant of summary judgment on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. Id. at 377. "[A] 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential

facts." Id. at 382. We view the record in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. Id. at 376. We accept as true facts contained in affidavits or otherwise in support of a party's motion unless contradicted by the non-moving party's response to the summary judgment motion. Id.

### Discussion

Plaintiff contends that the trial court erred in dismissing the action because the medical malpractice statute of limitations is inapplicable to her claim. Plaintiff argues that the laser hair removal service provided by Defendant was not a "health care service" as contemplated by Section 516.105. Defendant, on the other hand, claims that it was a health care service because she performed the procedure during the course of her employment with Dr. William Hart, M.D., and she performed the procedure as part of her practice of her profession as a nurse.

Section 516.105 provides:

All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of . . .

Plaintiff and Defendant cite to multiple cases to support their positions. *See Payne v. Mudd,* 126 S.W.3d 787 (Mo.App. E.D.2004); *Stalcup v. Orthotic and Prosthetic Lab, Inc.,* 989 S.W.2d 654 (Mo.App. E.D.1999); *Meekins v. St. John's Regional Health Center, Inc.,* 149 S.W.3d 525 (Mo. App. S.D.2004); *Coons v. Farrell,* 437 S.W.2d 674 (K.C.App.1969); *Dunagan v. Shalom Geriatric Center,* 967 S.W.2d 285 (Mo.App.1998). However, none of these cases is on point. It appears that the issue of whether laser hair removal is a health care service under the meaning of Section 516.105 is an issue of first impression in Missouri.

Our research has revealed that laser hair removal is wholly unregulated in Missouri. There are no statutes or regulations governing laser hair removal treatments. Plaintiff contends that laser hair removal is "governed by" Chapter 329, which regulates cosmetologists, hairdressers and manicurists. She cites Section 329.010, which contains the definitions for the chapter. Section 329.010(d) defines estheticians:

(d) "Class E—estheticians" includes the use of mechanical, electrical apparatuses or appliances, or by the use of cosmetic preparations, antiseptics, tonics, lotions or creams, not to exceed ten percent phenol, engages for compensation, either directly or indirectly, in any one, or any combination, of the following practices: massaging, cleansing, stimulating, manipulating, exercising, beautifying or similar work upon the scalp, face, neck, ears, arms, hands, bust, torso, legs or feet and removing superfluous hair by means other than electric needle or any other means of arching or tinting eyebrows or tinting eyelashes, of any person;

After reviewing Chapter 329, we find that it is not readily apparent that the legislature intended for this chapter to regulate laser hair removal. Indeed, in January 2007, legislators proposed an amendment to Chapter 329 under House Bill 483. It was titled as an act "to repeal Section 329.010, and to enact in lieu there-

of three new sections relating to use of lasers and pulse light sources."

The proposed legislation would have included in "Class CA-hairdressing and manicuring" the use of

class I, II and III lasers, as defined by the federal Food and Drug Administration, for cosmetic purposes, including but not limited to the removal or reduction of superfluous hair ... except that, for lasers and pulse light sources that are capable of coagulating tissue as defined by rule of the state board of registration for the healing arts, such lasers and pulse light sources shall only be used under the direct supervision of a licensed physician.

The bill also states that "Class E-estheticians" includes the use of Class I, II, or III lasers, but not lasers capable of coagulating tissue.

The proposed bill also included a new section, Section 329.033, which authorized promulgation of rules regarding the training and authorized use of lasers and pulse light sources by cosmetologists. It also included a proposed Section 334.158, directing the appropriate state boards to define the types and classification of lasers and pulse light sources that are capable of coagulating tissue. Proposed Section 334.158 also required that a licensed physician directly supervise the use of such lasers.

■ Although the legislature has not acted upon the proposed bill, reading the bill brings to light the amount of information that is lacking in the record before us. The trial court had no evidence before it regarding the model of laser used by defendant. Nor was there evidence pertaining to the FDA "class" of the laser. In addition, the court had no information regarding whether the laser was capable of coagulating tissue. Moreover, although Defendant's affidavit states that she was performing the procedure in the course of her employment as a nurse, she does not state whether she performed the procedure under the supervision of Dr. Hart. The trial court did not have sufficient evidence to conclude as a matter of law that Defendant was performing a health care service. Thus, Defendant did not establish that the two-year health care statute of limitations controls. Therefore, trial court erred in granting summary judgment to the Defendant.

For the reasons stated, the summary judgment of the circuit court for the Defendant is reversed, and the cause is remanded for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, PJ. and BOOKER T. SHAW, J., Concur.