Nicholas Michael WILSON, Appellant,

v.

Jennifer L. CRAMER and James
R. Stowe, Respondents.

No. WD 71313.

Missouri Court of Appeals,
Western District.

Aug. 10, 2010.

Michaela Shelton, Overland Park, KS, for Appellant.

Jennifer L. Cramer and James R. Stowe, Blue Springs, MO, Respondents, pro se.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

This is a paternity case. Appellant Nicholas Wilson filed a petition in the Circuit Court of Jackson County, praying for a finding of paternity, a custody determination, an order of child support, and a change of Wilson's alleged son's name ("Son"). Respondents Jennifer Cramer, Son's Mother ("Mother"), and James Stowe filed answers, denying that Wilson was Son's father and pleading that Wilson had failed to state a claim upon which relief could be granted. Respondents pled that Stowe was Son's father. Mother and Stowe also filed a motion to dismiss the petition. Mother and Stowe argued that Wilson lacked standing because Stowe had signed an affidavit acknowledging that he was Son's father ("Acknowledgment of Paternity"), *see* section 210.823,[1] and because the Director of the Division of Child Support Enforcement, Department of Social Services ("Division") had entered an order finding that Stowe was Son's father and entering a child support decree. The circuit court, the Honorable William S. Richards presiding, granted the motion to dismiss, finding that section 210.823 barred Wilson's claims. We reverse.

## Facts and Procedural Background[2]

On February 9, 2003, Mother gave birth to Son. Two days later, Mother and Stowe signed the Acknowledgment of Paternity, acknowledging that Stowe was Son's father.

Mother also filled out various forms seeking temporary assistance from the Division. On one of these forms, Mother stated that Wilson was Son's father. On another, Mother stated that Stowe was the

---

1. Statutory citations are to RSMo 2000.

2. As noted below, in this case, the motion to dismiss was converted into a motion for summary judgment. On appeal from the grant of a motion for summary judgment, we view the evidence and inferences therefrom in the light most favorable to the party against whom judgment is entered. *Mitchell v. McEvoy,* 237 S.W.3d 257, 260 (Mo.App. E.D.2007).

father. On a third, Mother named Stowe as the father and Wilson as a man who might be the father. On June 16, 2003, Stowe filled out the Division's form for his financial information. Wilson never submitted his financial information to the Division.

On August 8, 2003, the Division sent a Notice and Finding of Financial Responsibility to Stowe concerning support enforcement services.

On October 8, 2003, the Director of the Division filed an Order with the Department of Civil Records, Court Administrator's Office in Jackson County, Missouri, finding Stowe to be the legal father of Son, with a support obligation of $228 per month ("Division's order"). Stowe has made child support payments regularly and otherwise has acted as Son's father for over six years. He has visitation every Wednesday and every other weekend, and he attends Son's sporting events and school functions.

On January 7, 2009, Wilson filed his petition in the Circuit Court of Jackson County, seeking, among other things, a declaration that he was Son's biological father.[3] Wilson alleged that he had DNA test results that proved that he was Son's biological father.

Mother and Stowe filed a motion to dismiss the petition. Mother and Stowe argued that Wilson lacked standing because the Acknowledgment of Paternity and the Division's order barred his claims.

On June 22, 2009, the circuit court held a hearing on Mother and Stowe's motion to dismiss. The administrative file and the Division's records were admitted into evidence. The court considered Wilson's alleged DNA test results for purposes of standing only.

On July 1, 2009, the circuit court granted the motion to dismiss, finding that, under section 210.823, the Acknowledgement of Paternity was conclusive and barred Wilson's claims.

This appeal follows.

## Standard of Review

The standard of review for an appeal of a motion to dismiss for lack of standing is *de novo*. *White v. White*, 293 S.W.3d 1, 8 (Mo.App. W.D.2009). Here, the trial court conducted a hearing on Mother and Stowe's motion to dismiss and considered matters outside the pleadings in making its judgment. Under these circumstances, the motion to dismiss was converted into a motion for summary judgment, and we will review it as such. Rule 55.27(a), (b); *Deeken v. City of St. Louis*, 27 S.W.3d 868, 870 (Mo.App. E.D.2000). Ordinarily, when the trial court converts a matter into a motion for summary judgment, the court must place the parties on notice, and the parties must comply with the procedural requirements of Rule 74.04. *Mitchell v. McEvoy*, 237 S.W.3d 257, 259 (Mo.App. E.D.2007). However, when the parties both submit matters outside the pleadings for the court's consideration, the parties waive notice of the court's conversion of the matter into a motion for summary judgment, and they likewise waive compliance with Rule 74.04's procedural requirements. *Id.* Here, the parties both submitted matters outside the pleadings for the court's consideration, and therefore

---

**3.** Wilson filed the petition on behalf of himself and, purportedly, on behalf of Son as Son's next friend. However, Wilson is not Son's guardian, nor has the circuit court appointed him as Son's next friend. *See* Rule 52.02.

Accordingly, Wilson brought no proper action in his capacity as Son's next friend, and, as the circuit court did, we will consider Wilson's claims only as they apply to Wilson individually. *Id.*

they acquiesced in treating this matter as a motion for summary judgment. *See id.*

A party is entitled to summary judgment when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). If the defendants can show that the undisputed material facts reveal that the plaintiff lacks standing, then they are entitled to judgment as a matter of law. *Hinton v. City of St. Joseph*, 889 S.W.2d 854, 857 (Mo.App. W.D. 1994). We make all reasonable inferences in favor on the non-moving party. *Mitchell*, 237 S.W.3d at 260.

## Legal Analysis

In his only point on appeal, Wilson argues that the motion court erred in dismissing his petition in that he had standing to bring a paternity action and because neither section 210.823 nor the Division's order barred his claims. We agree.

### I. Standing to bring a paternity action

■ "Standing requires that the party seeking relief has a legally cognizable interest in the subject matter and that the party has a threatened or actual injury." *Shannon v. Hines*, 21 S.W.3d 839, 841 (Mo.App. E.D.1999). Section 210.826 governs who has standing to bring a paternity action. *Jefferson v. Jefferson*, 137 S.W.3d 510, 517 (Mo.App. E.D.2004).

In determining standing under section 210.826, we must first decide whether Son has a presumed father. *See* § 210.826.1 and .2. A child has a presumed father if he was born to a married couple (or the couple married within three hundred days of the child's birth) or if an expert, as defined by section 210.834.7, conducts a blood test and concludes that "the alleged parent is not excluded and that the probability of paternity is ninety-eight percent or higher, using a prior probability of 0.5." § 210.822.1(4). A child also has a presumed father if the mother attempted to marry, but the marriage was invalidated, and various other circumstances apply. *See* § 210.822.1(2), (3). Here, Son has no presumed father because Mother has neither married nor attempted to marry, and no blood test has been performed that would meet the statutory guidelines for such tests.[4]

■ Given that Son has no presumed father, section 210.826.2 applies in determining who has standing to bring a paternity action. It provides as follows: "[a]n action to determine the existence of the father and child relationship with respect to a child who has no presumed father … may be brought by … a man alleging himself to be the father." Here, Wilson alleges that he is Son's father. Therefore, he has standing to bring a paternity action under section 210.826.2.[5]

4. The petition alleges that a blood test shows Wilson to be Son's father; however, the test results themselves, which Wilson submitted to the circuit court for the purposes of determining standing, state that the collection of DNA from Son was not witnessed and that therefore the results "cannot be used as legal evidence of parentage." As such, the alleged test results cannot be used to establish Wilson as the presumed father because they do not comply with section 210.834 in that they contain no certification of the chain of custody of the blood or tissue specimens used. *See* § 210.834.5. Therefore, at the time the circuit court granted Respondents' motion to dismiss, it was undisputed that Wilson's alleged DNA evidence was insufficient to establish Wilson as the presumed father.

5. We note that, prior to the 1993 amendments to chapter 210, an action to declare the nonexistence of a father-child relationship could only be brought within five years of the child's birth; further, "a man alleging himself

## II. Section 210.823

■ Mother and Stowe argue that section 210.823 bars Wilson's action. We disagree.

Section 210.823 provides as follows:

1. A signed acknowledgment of paternity form pursuant to section 193.215, RSMo, shall be considered a legal finding of paternity subject to the right of either signatory to rescind the acknowledgment, in writing, by filing such rescission with the bureau within the earlier of:

(1) Sixty days from the date of the last signature; or

(2) The date of an administrative or judicial proceeding to establish a support order in which the signatory is a party. The acknowledgment may thereafter only be challenged in court on the basis of fraud, duress or material mistake of fact with the burden of proof upon the challenger. No judicial or administrative proceeding shall be required or permitted to ratify an unchallenged acknowledgment of paternity.

Here, there is no dispute that Mother and Stowe signed the Acknowledgment of Paternity pursuant to section 193.215. Moreover, there is also no dispute that sixty days have passed from the earlier of the date of last signature or the date of the administrative proceeding to establish support. From these undisputed facts, two consequences follow: (1) the Acknowledgment of Paternity shall be considered a

legal finding of paternity, and (2) Mother and/or Stowe may only challenge the Acknowledgment of Paternity in court on the basis of fraud, duress, or material mistake of fact. § 210.823. By its terms, section 210.823 does not touch upon a third party's standing to bring a paternity action under section 210.826, and thus it does not deprive Wilson of the standing conferred by that section.

The trial court, however, apparently concluded that these undisputed facts rendered Wilson's petition defective as a matter of law. The court apparently agreed with Mother and Stowe that section 210.823 should be construed to prohibit anyone, apart from the signatories of the acknowledgment, from challenging the legal finding that results from an acknowledgment of paternity. We disagree.

We must give the statute its plain and ordinary meaning, and we must read the statute *in pari materia,* that is, in conjunction with the similar provisions of chapter 210. *See, e.g., Cline v. Teasdale,* 142 S.W.3d 215, 223 (Mo.App. W.D.2004). As noted, by its plain terms, section 210.823 does not deprive anyone of standing to bring a paternity action under section 210.826. Moreover, reading section 210.823 in conjunction with section 210.826, it becomes clear that an acknowledgment of paternity, without more, cannot deprive a party of standing to bring a paternity action. Section 210.826.3 provides that "[r]egardless of its terms, an agreement, other than an agreement approved by the

to be the father" was not included among the persons who could bring such an action. *See W.B. ex rel. M.E.R. v. M.G.R.,* 955 S.W.2d 935, 937 (Mo. banc 1997); *Courtney ex rel. Courtney v. Roggy,* 302 S.W.3d 141, 149 (Mo.App. W.D.2009). Thus, Wilson, as a man merely alleging himself to be the father and filing six years after the birth of the child, would have had no standing to bring his action under the former statute, or, in the alternative, he would

have been barred by the statute of limitations. However, given that the legislature specifically *removed* the five-year statute of limitations and *added* "a man alleging himself to be the father" to the list of persons who may bring an action, Wilson clearly has standing under the statute as amended and is not barred by the statute of limitations, which is now eighteen years. § 210.828.

court in accordance with subsection 2 of section 210.838,[6] between an alleged or presumed father and the mother or child, does not bar an action under this section." Thus, under section 210.826.3, the Acknowledgement of Paternity, which, in effect, is an agreement between Mother and Stowe that Stowe would assume the legal obligations of Son's father, cannot deprive Wilson of standing to establish his paternity.

Because section 210.823 did not bar Wilson's claims, the circuit court erred in dismissing the petition on that basis. It was an undisputed fact that Mother and Stowe complied with section 210.823, but that fact does not bar Wilson's claim under section 210.826 as a matter of law. The Acknowledgement of Paternity is, in fact, immaterial to the question of whether Wilson has standing to establish paternity under section 210.826. Accordingly, Mother and Stowe were not entitled to summary judgment. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 382 (holding that, in order for summary judgment to be proper for the defending party, the undisputed *material* facts must show that the defending party is entitled to judgment *as a matter of law*).

### III. The Division's order

■ Mother and Stowe argue that the Division's administrative order, which found Stowe to be Son's father, bars Wilson's action. We disagree.

"The director [of the Division] may enter an order establishing paternity of a child in the course of a support proceeding . . . when both parents sign" an acknowledgment of paternity. § 454.485.1. "[T]he order shall have all the force, effect, and attributes of a docketed order or decree of the circuit court. . . ." § 454.490.1. "The docketing, pursuant to section 454.490, of an order establishing paternity pursuant to this section shall establish legal paternity for all purposes." § 454.485.3.

■ An administrative order may have preclusive effect on a subsequent proceeding if the following conditions are met: (1) the administrative hearing resulted in a judgment on the merits; (2) the issue to be litigated is identical to the issue addressed by the administrative order; and (3) the party to be estopped from litigating the issue was a party to (or was in privity with a party to) the administrative hearing. *State ex rel. Div. of Family Servs. v. White*, 952 S.W.2d 716, 718 (Mo.App. E.D. 1997). In addition, the party to be estopped must have had a full and fair opportunity to litigate the issue decided in the prior proceeding. *Smith v. Smith*, 985 S.W.2d 829, 835 (Mo.App. W.D.1998).

The Division's order does not have preclusive effect on Wilson's action because the elements of issue preclusion are not met.

First, Wilson was not a party to the administrative proceeding that resulted in the order finding Stowe to be Son's father, and Respondents do not claim that Wilson was in privity with either of the parties to that proceeding. Since he was not a party to, or in privity with a party to, the prior proceeding, Wilson is not precluded from litigating an issue decided therein. *See White*, 952 S.W.2d at 718. In addition, his absence from the prior proceeding necessarily means that Wilson did not have a full and fair opportunity to litigate the issue of Son's paternity. *See Smith*, 985 S.W.2d at 835.

6. This subsection relates to agreements made and approved at a pre-trial conference in a section 210.826 action to declare the existence or nonexistence of a father and child relationship, and, as such, it is not relevant here, where no such conference was held.

Second, the Division's order was not a judgment on the merits on the issue of paternity. Our Supreme Court has held that, although an order of the Division has the " 'force, effect and attributes' of a circuit court order," such an order does not become a final judgment, and, therefore, it is not entitled to preclusive effect on the issue of paternity. *State v. Salazar*, 236 S.W.3d 644, 647 (Mo. banc 2007). Indeed, section 454.485 expressly contemplates a circuit court's review of an order docketed by the Division. § 454.485.4 (recognizing that an acknowledgment of paternity may be voided by the circuit court). Thus, although an order of the Division may be *enforced* to the same extent as a circuit court judgment, section 454.490.1, an order from the Division has no preclusive effect on subsequent litigation on the issue of paternity. *Salazar*, 236 S.W.3d at 647; *see Smith*, 985 S.W.2d at 835 (noting that an order entered pursuant to section 454.470 has no preclusive effect on the issue of paternity but holding that the appellant was time-barred from raising that issue).

Since the Division's order had no preclusive effect on the issue of Wilson's paternity, the circuit court erred in dismissing the petition to the extent it did so on that basis.

### Conclusion

Pursuant to section 210.826, Wilson had standing to bring a paternity action.[7] Neither section 210.823 nor the Division's order pursuant to section 454.485 bars Wil-

son's claims.[8] Accordingly, we reverse the circuit court's judgment of dismissal and remand for proceedings consistent with this opinion.

Joseph M. Ellis, Presiding Judge, and Alok Ahuja, Judge, concur.

---

7. Wilson's claims for custody, child support, and for a change of Son's name are derivative of his paternity action. We stress that this opinion addresses only whether Wilson has standing to establish paternity. Assuming for the sake of argument that Wilson can prove that he is Son's father, whether he will be entitled to any additional relief will be left to the sound discretion of the trial court. *Russell v. Russell*, 210 S.W.3d 191, 198 (Mo. banc 2007) (child support); *R.W.B. v. T.W.*, 23 S.W.3d 266, 268 (Mo.App. S.D.2000) (name change); *Wells v. Wells*, 623 S.W.2d 19, 22 (Mo.App. E.D.1981) (custody modification).

8. We are cognizant of the potential disruptive effect on the child and on the existing father-child relationship of a putative father coming forward at a late date. However, regarding the issue of standing, we are bound by the terms of the relevant statutes.