

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| ENERGY CREATES ENERGY, LLC AND GENESYS INDUSTRIAL CORP., | ) ) ) | |
| Appellant-Respondents, | ) ) | |
| v. | ) ) | WD79326 (Consolidated with WD79374) |
| THE HERITAGE GROUP, ET AL., | ) ) | Opinion filed:  November 15, 2016 |
| Respondent. | ) ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE BRYAN ROUND, JUDGE**

Before Division One:  Thomas H. Newton, Presiding Judge,
Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge

Genesys Industrial Corporation ("Genesys") and Energy Creates Energy LLC ("ECE"), (collectively "Genesys/ECE") appeal the grant of summary judgment on several counts brought against the Heritage Group, Heritage Recycling LLC ("Heritage Recycling"), Heritage Environmental Services LLC ("HES"), Heritage Research Group, Anthony Kriech, and Williams Jeffery Akers (collectively "Heritage Defendants"), individually and together. Summary judgment was granted in full on ten counts and in part on three additional counts on the basis of claim and issue preclusion arising from a prior arbitration; summary judgment was requested but denied on one other count. The Heritage Defendants cross-appeal the denial of summary judgment with regard to the complete denial of the one count and the denial of full summary judgment with regard

to the three counts which were granted partial summary judgment. After a thorough review of the record, we reverse the grant of summary judgment against Genesys/ECE as to all counts, and we dismiss the Heritage Defendants' cross-appeal.

## Factual and Procedural Background

Genesys is a Missouri corporation involved in the waste management business. In approximately 2009, Genesys invented a new shredder (the "Genesys Shredder"), purported to have been developed by their employee Kyle Watts. This shredder was promoted as being capable of shredding used residential and commercial carpet, as well as other material, for recycling on a commercially viable basis. Sometime in 2010, Genesys was introduced to a group of entities based out of Indiana and collectively doing business under the name Heritage, specifically the Heritage Group and HES. Genesys and HES entered into a contractual non-disclosure agreement on August 27, 2010, and began discussing a potential business relationship including the purchase of several Genesys Shredders. The Heritage entities ultimately agreed to do business with Genesys and to purchase two Genesys Shredders. In order to effectuate this, both sides formed new subsidiaries. Genesys formed the Missouri limited liability company ECE, and HES created the Indiana limited liability company Heritage Recycling. ECE and Heritage Recycling then, in May 2011, entered into the Heritage Recycling/ECE Purchase, License & Commercialization Agreement ("HEPLC Agreement"). The HEPLC Agreement was a fully formed agreement that included numerous warranties made by both sides and included an arbitration clause that would cover disputes "arising out of or relating to" the HEPLC Agreement.

The business relationship was not meant to be, however, and the agreement between the two sides soon soured. Heritage felt that the Genesys Shredder was not living up to the promises made, while Genesys became concerned that Heritage was stealing its intellectual property and

2

building a competing shredder with the help of Sebright Products Inc. (the "Sebright Shredder").

By December of 2012, the parties' relationship reached a breaking point and Heritage Recycling instigated arbitration procedures against ECE and Genesys as an alter ego of ECE. Heritage Recycling claimed that Genesys/ECE had fraudulently induced it to enter into the HEPLC Agreement based on allegedly false representations about the amount of impurities (or "ash") produced by the shredder, that Genesys/ECE had breached the contract with regard to developing and commercializing a competing shredder and with regard to several express warranties made in the contract, that Genesys/ECE had tortiously interfered with its contracts with third-parties, and that Genesys/ECE had been unjustly enriched.

Genesys/ECE, for their part, did not sit idly by, but rather ECE brought several counterclaims in the arbitration against Heritage Recycling as well as HES, HES Inc.,[1] and the Heritage Group, all as alter egos of Heritage Recycling. ECE alleged that the various Heritage entities had committed acts amounting to breach of the HEPLC Agreement, misappropriated their trade secrets, fraudulently induced them to enter into the HEPLC Agreement, tortiously interfered with their business relationships, and also requested two separate declaratory judgments as to the exclusivity of the license granted by the HEPLC Agreement and ownership of the related intellectual property.

The parties engaged in discovery for a year before having the arbitration hearing, which took place over six days in Indianapolis, Indiana, beginning on January 27, 2014. The arbitrator issued his award on February 28, 2014. The arbitrator found that Genesys was the alter ego of ECE and that HES was the alter ego of Heritage Recycling but denied all other alter ego claims. The Arbitrator further denied all of Heritage Recycling claims save for a breach of warranty under

---

[1] It is unclear from the record whether this entity ever actually existed and appears to have been a drafting error.

3

section 4.1(k) of the HEPLC Agreement, which the arbitrator found to be material. The arbitrator granted Heritage Recycling its requested relief and rescinded the contract, ordering Heritage Recycling to return the two shredders and for ECE to return the $3,000,000.00 purchase price plus fees and expenses. As to ECE, besides the finding of an alter ego relationship between Heritage Recycling and HES, the arbitrator denied all counterclaims.[2]

Believing there remained issues still unresolved, Genesys/ECE commenced an action in in the Circuit Court of Jackson County in September of 2014, bringing a twenty-one count petition against the Heritage Group, HES, Heritage Recycling, Heritage Research Group, two Heritage employees (William Akers and Anthony Kriech), Owens Corning, Sebright Products Inc., the law firm Brinks Gilson & Lione, and Michael S. Gzybowski. This new action was based on claims that Genesys/ECE argued fell outside of the HEPLC Agreement and could not have been brought in arbitration.

Predictably, the Heritage Defendants disagreed with Genesys/ECE's assessment and brought a motion to dismiss on the basis of claim and issue preclusion, attaching voluminous records regarding the prior arbitration. Genesys/ECE strenuously opposed the motion on substantive grounds and objected on procedural grounds, pointing out that the language of Rule 55.27(a) [3] required the motion to be converted to a motion for summary judgment. The court appointed a special master to assist it in addressing the complexities presented in the case, and, at the recommendation of the special master, the trial court converted the motion to dismiss into a motion for summary judgment pursuant to Rule 55.27(a). The order granting the conversion gave the parties only ten days to respond and stated that no materials other than those addressing the

---

[2] Following the arbitrator's decision, the award was formally reduced to a judgment in the United States District Court for the Southern District of Indiana.

[3] All references are to Missouri Supreme Court Rules (2016).

4

authenticity of the previously attached records would be considered. No statement of uncontroverted facts pursuant to Rule 74.04(c) was ordered or presented.

On September 28, 2015, the special master issued his report, Special Master's Report No. 10, which recommended summary judgment in favor of the Heritage Defendants on several, but not all, of Genesys/ECE's claims. Both parties filed objections.[4] On December 31, 2015, the court entered a judgment adopting the special master's report in full and granting summary judgment for the respective Heritage Defendants as to counts 1, 4, 5, 6, 9, 12, 13, 14, 20, and 21 in their entirety as well as partial summary judgment as to counts 2, 10, and 15. The court denied summary judgment as to count 11. The court further stayed all other actions during the pendency of any appeal and certified the judgment as a final judgment fit for appeal as permitted under the Missouri Rules of Civil Procedure. *See* Rule 74.01(b); *First Community Credit Union v. Levison*, 395 S.W.3d 571, 580-81 (Mo. App. E.D. 2013).[5] Genesys/ECE timely appealed the grant of full and partial summary judgment on all counts with the Heritage Defendants bringing a cross-appeal as

---

[4] Among other complaints, Genesys/ECE strongly objected to the trial court's failure to mandate the requirements of Rule 74.04 be followed in addition to limiting the time to respond to the converted motion and denying them the right to bring forward additional evidence.

[5] Rule 74.01(b) permits an interlocutory appeal "as to one or more but fewer than all of the claims or parties only upon an express determination" by the trial court "that there is no just reason for delay." "[T]he trial court must have reached a final judgment on a minimum of at least one claim before it may designate the partial judgment as appealable." *Executive Bd. of Missouri Baptist Convention v. Missouri Baptist Foundation*, 380 S.W.3d 599, 605 (Mo. App. W.D. 2012). The resolution of at least one claim does not insure eligibility for interlocutory appeal pursuant to Rule 74.01(b), however. To be eligible for interlocutory appeal, a judgment final as to particular claims must "dispose[] of a distinct 'judicial unit.'" *Executive Bd. of Missouri Baptist Convention*, 380 S.W.3d at 605 (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). "In *Gibson*, the court determined that because remaining counts of the petition arose 'from the same set of facts, and the same transactions and occurrences, as the counts supposedly appealed,' the trial court had not resolved a 'single, distinct judicial unit,' and the judgment could not be appealed pursuant to Rule 74.01(b)." *Id.* (quoting *Gibson*, 952 S.W.2d at 244). Here, the trial court's interlocutory judgment resolved all claims against two parties, Sebright Products, Inc. and Anthony Kreich. However, it did not resolve all claims against the various Heritage entities. And though the remaining claims against the Heritage entities urge discrete legal theories, all of the claims asserted by Genesys/ECE arguably arise out of the same set of facts, and the same transactions and occurrences. Our resolution of this case on other grounds, and our resulting remand for further proceedings, did not require us to determine whether the trial court's interlocutory judgment was eligible for certification pursuant to Rule 74.01(b).

to the denial of summary judgment on count 11 and the denial of full summary judgment on counts 2, 10, and 15.

## Standard of Review

A circuit court shall enter summary judgment only "after the response, reply and any sur-reply have been filed or the deadlines therefor have expired" and only if "the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6). An appellate court's review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, and the non-movant is given the benefit of all reasonable inferences from the record. *Id.* However, "[f]acts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.*

## Discussion of Genesys/ECE's Third Point on Appeal

The summary judgment now before this court first began as a motion to dismiss brought by the Heritage Defendants pursuant to Rule 55.27(a)(6) for failing to state a claim on the basis of claim and issue preclusion. In bringing their motion, the Heritage Defendants attached numerous materials from outside of the pleadings, setting forth both the grounds for the underlying arbitration as well as the ultimate decision of the arbitrator, which they believed mandated claim and issue preclusion. Genesys/ECE successfully argued that the attachment of these materials from outside of the pleadings required the motion to be converted into one for summary judgment pursuant to Rule 55.27(a) which, in part, states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the

6

pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

There is no real question that the conversion of the motion to dismiss into one for summary judgment was proper. *See Dunn v. Board of Curators of University of Missouri*, 413 S.W.3d 375, 376 (Mo. App. E.D. 2013) ("Under Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on [claim preclusion] or related grounds should be treated as one for summary judgment.") (internal citation omitted). In their third point on appeal, however, Genesys/ECE argue that the failure of the trial court to demand adherence to the procedural requirements of Rule 74.04 rendered the granting of summary judgment a reversible error. We agree.

Rule 74.04(c)(1) sets forth the requirements for filing a motion for summary judgment which includes: (1) the filing of a statement of uncontroverted facts stated with particularity and in numbered paragraphs, (2) the attachment of a copy of all discovery, exhibits or affidavits on which the motion relies, and (3) the filing of a separate legal memorandum explaining why summary judgment should be granted. The rule further requires a response, to be filed within thirty days, that "set[s] forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2). The rule prohibits a denial from resting "upon the mere allegations or denials of the party's pleading" but rather requires the response to "support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." *Id.* The respondent is also allowed to "set forth additional material facts that remain in dispute." *Id.*

These procedural requirements are not to be taken as idle suggestions. "[T]he underlying purpose of Rule 74.04 is directed toward helping the court expedite the disposition of [the] case."

7

*State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo. App. W.D. 2009). Because of this fact, "compliance with the rule is mandatory." *Id.* Summary judgment is based on the underlying "predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law." *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The procedures of Rule 74.04 were developed to "establish[] a step-by-step [method] by which such cases can be identified and resolved." *Id.* The failure of the parties to adhere to the text of the rule robs it of its usefulness. *Id.* It is not the function of the circuit court or appellate court to sift through a voluminous record in an attempt to determine the basis for the motion. *Nixon*, 281 S.W.3d at 908. Rather, a motion for summary judgment is required to follow a "specific format . . . in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes." *Lackey v. Iberia R-V School District*, 487 S.W.3d 57, 61 (Mo. App. S.D. 2016). Such rationale is equally applicable to a motion to dismiss that has been converted to a motion for summary judgment.[6]

Several Missouri appellate courts have addressed the issue of motions to dismiss which have been converted into motions for summary judgment by urging "trial courts acting pursuant to that rule to have the moving party refile the motion in compliance with Rule 74.04(c) and then order the opposing party to follow the requirements of Rule 74.04." *Gladis v. Rooney*, 999 S.W.2d 288, 289 (Mo. App. E.D. 1999); *Osage Water Co. v. City of Osage Beach*, 58 S.W.3d 35, 45 (Mo. App. S.D. 2001). Whether a trial court adopts the suggestion in *Gladis* or opts instead to chart a different procedural course when converting a motion to dismiss into a motion for summary judgment is of minor import so long as the parties are required to follow the procedural and pleading requirements found in Rule 74.04.

---

[6] Rule 55.27(a) specifically states that a motion to dismiss that is converted to a motion for summary judgment shall be "disposed of as provided in Rule 74.04."

In converting the motion in this case, the trial court did not require obedience to Rule 74.04, over the objections of Genesys/ECE, due to a misapplication of *Wilson v. Cramer*. In *Wilson*, this court held that "[w]hen the parties both submit matters outside the pleadings for the court's consideration, the parties waive notice of the court's conversion of the matter into a motion for summary judgment, and they likewise waive compliance with Rule 74.04's procedural requirements." *Wilson v. Cramer*, 317 S.W.3d 206, 208 (Mo. App. W.D. 2010). *Wilson* is one of several Missouri cases addressing motions to dismiss which are ruled on by the trial court when both parties put forward evidence outside of the pleadings and neither party objects. *See, e.g.*, *Mitchell v. McEvoy*, 237 S.W.3d 257 (Mo. App. E.D. 2007); *ADP Dealer Services Group v. Carroll Motor Co*, 195 S.W.3d 1, 5 (Mo. App. E.D. 2005); *Deeken v. City of St. Louis*, 27 S.W.3d 868, 870 (Mo. App. E.D. 2000). Our courts have held in such instances, when both parties put forward evidence outside of the pleadings and neither party objects, the parties have acquiesced to the motion to dismiss being converted to one for summary judgment without notice from the trial court and the dispensing of the procedural requirements of Rule 74.04.[7] *Mitchell*, 237 S.W.3d at 259.

The present case is considerably different from the situation in *Wilson* and *Mitchell*, in that, Genesys/ECE objected repeatedly to the introduction of materials outside of the pleadings. They objected to the motion to dismiss when it was originally filed, to the Heritage Defendants' reply brief after more material outside of the pleadings was attached, and to the order converting the motion to dismiss into one for summary judgment on the grounds that the procedural requirements

---

[7] While the records on appeal in *Wilson*, *Mitchell*, and similar cases were apparently sufficient to support a meaningful *de novo* review on appeal, acquiescence or waiver by the parties of the requirements of Rule 74.04 is not binding on an appellate court.

of Rule 74.04 were not being followed. They did not acquiesce to the forgoing of Rule 74.04's procedural requirements but rather demanded Rule 74.04 be applied.

While there can be no contention that the conversion of the motion to dismiss into a motion for summary judgment was not proper, the record provides no basis to find that Genesys/ECE waived faithful adherence to the requirements of Rule 74.04. Deviation from these procedural requirements has produced a record that is lacking a statement of uncontroverted facts and a proper response from the non-moving party, rendering a full *de novo* review of the merits of the motion prohibitively difficult if not outright impossible by this court. This is because there are a number of factual issues either still being disputed or, based on our review of the unrefined record before us, otherwise undeveloped.

The absence of a statement of uncontroverted facts leaves us to infer what facts are undisputed and what facts remain in dispute based solely on our review of the referenced materials and the arguments made by the parties. Where a failure to follow the requirements of Rule 74.04 leaves the factual record insufficiently developed, summary judgment must be denied. *Rodgers v. Threlkeld,* 22 S.W.3d 706, 712 (Mo. App. W.D. 1999). When considering an appeal from a grant of summary judgment, appellate courts must move with "[a]n abundance of caution . . . because it is an extreme and drastic remedy that borders on the denial of due process because the opposing party is denied its day in court." *Wilmes v. Consumers Oil Company of Maryville*, 473 S.W.3d 705, 715 (Mo. App. W.D. 2015) (internal citations omitted). This is the very reason that the procedural requirements of 74.04 exist. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). It is the reason we have made strict adherence to the rule mandatory and prevented parties from waiving noncompliance. *Jungmeyer v. City of Eldon*, 472 S.W.3d 202, 205 (Mo. App. W.D. 2015).

It is simply "not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial." *Moore Equipment Co. v. Halferty*, 980 S.W.2d 578, 581 (Mo. App. W.D. 1998). As we have previously held, "a summary judgment motion that fails to set forth each material fact in separately numbered paragraphs and fails to specifically reference the record is legally defective and cannot serve as the basis for the circuit court's grant of summary judgment." *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 908 (Mo. App. W.D. 2009). A motion to dismiss, converted to a motion for summary judgment, will be held to the same standards.

In the end, the trial court is to be commended for its efforts in the difficult task of unraveling the tangled nest of disputes, factual allegations, and questions of law that made up this motion. Its diligent efforts have been well placed in attempting to bring this matter to a resolution. Unfortunately, the manner by which this case comes to us renders appellate review impossible.

Genesys/ECE's third point on appeal is granted and the judgment of the trial court granting summary judgment on counts 1, 4, 5, 6, 9, 12, 13, 14, 20, and 21 in their entirety as well as partial summary judgment as to counts 2, 10, and 15 is reversed. Because this conclusion results in the reversal of all rulings on which Genesys/ECE bring on appeal, further discussion of the other points raised on appeal is rendered unnecessary. Upon remand, the Heritage Defendants remain free to bring a motion for summary judgment pursuant to Rule 74.04 and the trial court, provided that it finds all the requirements of the rule are met, remains free to grant or deny the same.

### Heritage Defendant's Cross-Appeal

The Heritage Defendants bring a cross-appeal challenging the trial court's partial denial of summary judgment with regard to claim 11 and the denial of full summary judgment with regard

to counts 2, 10, and 15. It is well established in Missouri law that the "[d]enial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment." *Gamble v. Browning*, 277 S.W.3d 723, 729–30 (Mo. App. W.D. 2008) (quoting *State ex. rel. Mo. Div. of Transp. v. Sure–Way Transp., Inc.*, 884 S.W.2d 349, 351 (Mo. App. W.D. 1994)); *see also Short v. Southern Union Co.*, 372 S.W.3d 520, 538 n. 22 (Mo. App. W.D. 2012) (stating same). Further, in light of our holding with regard to Genesys/ECE's appeal, such review would be fruitless. Because we will not review the denial of summary judgment, Heritage Defendants' cross-appeal is dismissed.

## Conclusion

We reverse the grant of summary judgment in favor of the Heritage Defendants as to all counts. We dismiss the Heritage Defendants' appeal. The case is remanded for further proceedings not inconsistent with this decision.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.