

# In the
# Missouri Court of Appeals
# Western District

IN THE MATTER OF:  MARGIE E.   )
SUMMERS;                       )
                               )   **WD83124**
LISA SUMMERS,                  )
                               )   **OPINION FILED:  January 5, 2021**
            Appellant,         )
                               )
v.                             )
                               )
MARGIE SUMMERS AND BONNIE      )
NIMS,                          )
                               )
            Respondents.       )

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable David P. Chamberlain, Judge

Before Division Three:  Edward R. Ardini, Jr., Presiding Judge, Alok Ahuja, Judge and
Gary D. Witt, Judge

Lisa Summers ("Lisa")[1] appeals from the judgment of the Probate Division of the

Circuit Court of Clay County ("probate court") dismissing Lisa's Petition for Guardianship

and Conservatorship of Margie Summers ("Margie") and awarding attorneys' fees to

---

[1] Because Lisa and Margie share a last name, we refer to the Summerses individually by their first names
for purposes of clarity.  No familiarity or disrespect is intended.

Margie's appointed counsel and Margie's agent, Bonnie Nims ("Nims"). We reverse and remand.

## Factual and Procedural Background

Margie is the mother of Lisa and Nims. Margie has progressive memory loss and dementia as a result of Alzheimer's disease, and all parties agree that she is incapacitated and disabled to the point she cannot manage her essential daily living requirements and financial resources. In 2008, Margie executed a durable power of attorney ("2008 DPOA") appointing Lisa as her agent. Subsequently, in 2014, Margie executed a durable power of attorney for health care decisions naming Nims as her agent ("2014 DPOA"). In 2015, Margie executed a general durable power of attorney naming Nims as her agent and purporting to revoke any prior durable powers of attorney ("2015 DPOA"). In 2017, several days after her treating physicians documented that Margie was incapacitated, Margie executed a general durable power of attorney appointing Lisa as her agent ("2017 DPOA").

On Memorial Day weekend in 2018, Nims removed Margie from the home Margie shared with Lisa and took Margie to Nims's home in Bolivar, Missouri. On June 4, 2018, Lisa filed her Application for Appointment of Guardian alleging that Nims "took Margie from her residents [sic] and did not return her. She took her to Boliver [sic] away from her family." On June 27, 2018, Lisa filed an Amended Petition for Appointment of Guardian and Conservator ("Lisa's Petition") alleging that:

> Nims illegally removed [Margie] from her home in Clay County without the
> consent of [Margie] for the purpose of using the assets of [Margie] including
> her identity, it is believed, to obtain credit and loans illegally. [Lisa] has

2

> become aware that [Margie] is being sued in Polk County, Missouri for unpaid credit bills in Case Number 18PO-AC00206, LYNV[2] Funding LLC v. Margie Summers. [Margie] is being sued in Polk County despite living at the address provided in Clay County for the last several years, and to [Lisa's] knowledge, has never taken any form of credit in Polk County, Missouri. This lawsuit was filed before Respondent was illegally detained and removed from her home in Clay County.

The Petition did not mention the existence of any powers of attorneys, even those naming Lisa as Margie's agent.

On July 5, 2018, the probate court appointed Steven Petry ("Appointed Counsel") to represent Margie in the proceedings.

On July 18, 2018, Nims filed a Motion to Dismiss Application for Appointment of Guardian and Conservator ("Motion") requesting the probate court dismiss the Petition because Nims was acting as Margie's agent under the 2014 DPOA and the 2015 DPOA. In support of her Motion, Nims attached as exhibits: (1) the 2014 DPOA, (2) the 2015 DPOA, (3) a letter written on August 22, 2017, prepared by Margie's primary care physician, providing that Margie was incapacitated as a result of progressive dementia and that she had a durable power of attorney in effect, (4) a letter written on May 1, 2017, prepared by Margie's neurologist, and two letters prepared by a second physician providing that Margie was incapacitated but had a durable power of attorney naming Nims as her agent, (5) a letter written on September 16, 2017, prepared by Margie's neurologist, indicating that at the time of his most recent evaluation on May 30, 2017, Margie was not capable of comprehending long term risks and benefits, and Nims was acting as her agent, (6) the

---

[2] The petition refers to LYNV Funding LLC. The accurate name of this party from the prior case is LVNV Funding LLC.

3

2017 DPOA, and (7) a letter dated July 10, 2018, prepared by Margie's primary care physician, indicating that Meritas Health had refused to recognize the 2017 DPOA and that it considered Nims to be Margie's agent. On July 19, 2018, the probate court entered an order designating the proceeding as an "adversary probate proceeding" within the meaning of section 471.140.[3] The court's order also specified that "[t]his proceeding shall be governed by Civil Rules 41 through 101 inclusive."

On August 17, 2018, Lisa filed her Response and Suggestions in Opposition to Interested Party's Motion to Dismiss Application for Appointment of Guardian and Conservator ("Suggestions in Opposition"). Lisa executed an affidavit stating that Margie "owes utility companies in Bolivar, Missouri, for internet or phone service despite [Margie] never residing in Bolivar, Missouri. This utility was apparently opened in Bolivar, Missouri, at [Nims's] address on November 17, 2017." Lisa further stated that "[Margie] is named on an account with Synchrony Bank for approximately $822.00. This account was supposedly opened on March 29, 2017 and is in collection with Midland Funding, LLC." Lisa further asserted that Nims had used Margie's funds to pay Nims's attorney's fees in this matter. Lisa's Suggestions in Opposition argued that the powers of attorney naming Nims as agent were invalid or unenforceable both because Margie lacked capacity to execute them, and based on Nims's alleged self-dealing and breach of fiduciary duty. Lisa attached the affidavit as an exhibit to her Suggestions in Opposition, in addition to including (1) a petition for suit on contract originating in Polk County, (2) a photograph

---

[3] All statutory references are to the Revised Statutes of Missouri (2016) as updated through June 4, 2018, unless otherwise specified.

from a website indicating that Margie has an account in collections on her credit report, (3) a photograph from an unknown website purporting to indicate Margie has a second account in collections, and (4) a photograph from an unknown website purporting to indicate Margie has a third account in collections.

On September 21, 2018, Nims filed an Application for Appointment of Guardian and Conservator ("Nims's Application"), and on March 29, 2019, the probate court conducted a hearing on the Motion at which Nims provided sworn testimony. On April 15, 2019, the probate court conducted an additional hearing on the assessment of attorneys' fees.

On July 23, 2019, the probate court entered its judgment dismissing the Petition. The court "presumed" the 2008 DPOA was valid at the time of its execution, found that the 2014 DPOA and the 2015 DPOA were valid at the time they were executed, and found the 2017 DPOA to be invalid because it found Margie was incapacitated at the time it was executed. The court further found that:

> [T]he Applications for Guardianship and Conservatorship are not the least restrictive means for care for Margie Summers because she has a valid and effective power of attorney for health care and for financial affairs[.]

The court further assessed the sum of $6,160.00 against Lisa for Appointed Counsel's attorney's fees and assessed the sum of $19,500.00 against Lisa for Nims's attorneys' fees. This appeal timely followed.

## Standard of Review

A trial court's decision to grant a summary judgment motion is reviewed de novo. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting *Goerlitz v. City of*

5

*Maryville*, 333 S.W.3d 450, 452-53 (Mo. banc 2011)). "Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.* We accept as true the facts contained in affidavits or otherwise in support of a party's motion unless those facts are contradicted by the non-moving party's response to the summary judgment motion. *Id.*

## Discussion

Lisa raises four points on appeal. First, Lisa asserts that the motion court erred in sustaining the Motion to dismiss because she adequately alleged sufficient facts which, if proven, would entitle her to relief under her petition. Alternatively, in her second point, Lisa argues the motion court erred in entering summary judgment because there is a genuine issue of material fact as to whether the 2014 DPOA and the 2015 DPOA are valid and whether they are material to determining the least restrictive means of caring for Margie. Third, Lisa argues the motion court erred in assessing attorneys' fees against Lisa because under section 472.040 the prevailing party shall recover costs against the other party, and that Lisa should have been the prevailing party. In her fourth point, Lisa argues in the alternative that if Lisa should not have prevailed on the Motion, the motion court erred in assessing attorneys' fees against Lisa because Lisa acted in good faith and without knowledge that her authority had been terminated by the 2014 DPOA and the 2015 DPOA. We address Points One and Two together for ease of analysis.

## Points One and Two

In her first point, Lisa argues the probate court erred in dismissing her Petition because she pleaded all of the necessary facts to support her Petition, and in the alternative,

Lisa argues in her second point that if the probate court treated the Motion as a motion for summary judgment then the probate court erred in entering its judgment because there is a genuine issue of material fact in that the validities of the 2014 DPOA and the 2015 DPOA are in dispute and are material to determining the least restrictive means that exist for Margie's care. Therefore, we must first determine whether the Motion was a motion to dismiss or whether the parties converted the Motion to a motion for summary judgment.

Pursuant to Rule 55.27(a), when both parties submit matters outside the pleadings for the court's consideration as part of a motion to dismiss, the motion, is converted to a motion for summary judgment. *Conoyer v. Kuhl*, 562 S.W.3d 393, 401 (Mo. App. E.D. 2018); *Wilson v. Cramer*, 317 S.W.3d 206, 208 (Mo. App. W.D. 2010); *Mitchell v. McEvoy*, 237 S.W.3d 257, 259 (Mo. App. E.D. 2007).[4] In her Suggestions in Support of her Motion to Dismiss, Nims attached as exhibits: (1) the 2014 DPOA, (2) the 2015 DPOA, (3) a letter prepared by Margie's primary care physician, (4) two letters prepared by a second physician who provided treatment to Margie, and (5) the 2017 DPOA. Furthermore, the trial court held an evidentiary hearing on the Motion at which Nims provided significant sworn testimony and was cross examined. Similarly, in her response to the Motion, Lisa attached as exhibits: (1) an affidavit signed by Lisa, (2) a petition for

---

[4] In *Wilson*, 317 S.W.3d at 208, we held that when both parties submit matters outside the pleadings, the parties waive notice of the conversion into a motion for summary judgment, "and they likewise waive compliance with Rule 74.04's procedural requirements." More recently in *Energy Creates Energy, LLC v. Heritage Group*, 504 S.W.3d 142, 149 n. 7 (Mo. App. W.D. 2016), we held that the waiver of Rule 74.04's procedural requirements are not binding on appellate courts. Where the record is insufficient to allow meaningful *de novo* review, reversal is proper. *Id*. at 149-50. ("It is simply 'not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial.'"). As such, we strongly urge trial courts to require parties to adhere to the procedural requirements of Rule 74.04 when considering motions to dismiss that have been converted to motions for summary judgment.

7

suit on contract originating in Polk County, (3) a photograph from a website indicating that Margie has an account in collections on her credit report, (4) a photograph from an unknown website indicating Margie has a second account in collections, and (5) a photograph from an unknown website indicating Margie has a third account in collections. Thus, by submitting matters beyond the pleadings, the Motion was converted to a motion for summary judgment. However, facts come into the summary judgment record from the numbered paragraphs and responses alone and not from the entire record before the trial court. *Sloan v. Farm Bureau Town & Country Ins. Co. of Mo.,* 601 S.W.3d 314, 318 (Mo. App. S.D. 2020).

In entering judgment and findings of fact, the probate court relied heavily on Nims's live testimony rather than the affidavits and documents attached to the Motion, clearly establishing that material facts remained in dispute after consideration of the Motion filed. Therefore, we conclude there are myriad issues of material fact that could have only been determined by the consideration of live testimony, which precludes summary judgment. For example, the probate court found that a conservatorship or guardianship were not the least restrictive means to care for Margie "because [Margie] has a valid and *effective* power of attorney for health care and for financial affairs." (emphasis added). However, in her affidavit, Lisa stated that "[Margie] owes utility companies in Bolivar, Missouri for internet or phone service despite [Margie] never residing in Bolivar, Missouri." Furthermore, in her affidavit, Lisa stated that various credit card accounts had been improperly opened in Margie's name and were delinquent. The probate court necessarily considered Nims's live testimony in discounting Lisa's affidavit. Point Two is well taken.

8

## Conclusion

Because Lisa's second point on appeal is granted and the judgment of the probate court granting summary judgment is reversed, we need not discuss the remaining points raised on appeal. On remand, Nims is free to bring a proper motion for summary judgment pursuant to Rule 74.04, and the probate court, provided that it finds all the requirements of the rule are met, remains free to grant or deny the same, and set the matter for trial if necessary. We take no position on the probate court's award of attorneys' fees, and the probate court is free to amend its award in light of future proceedings.[5]

_____
Gary D. Witt, Judge

All concur

---

[5] On June 12, 2020, Appointed Counsel filed a motion with this Court requesting Lisa deposit the sum of $2,500.00 with the Court as a deposit toward Margie's attorney fees and costs associated with this appeal. Said motion is denied without prejudice, and the circuit court may assess fees on remand as authorized by law. On November 11, 2020, Nims filed a motion with this Court requesting this Court assess the sum of $6,750.00 against Lisa as compensation for legal services rendered on this Appeal. Said motion is denied without prejudice, and the circuit court may assess fees as authorized by law.