Kenneth G. and Shirley M. STEGNER, Trustees of the Stegner Family Trust, Appellants,

v.

Russell D. and Donna L. MILLIGAN, Trustees of the Russell D. Milligan and Donna L. Milligan Joint Revocable Trust, Respondents.

WD 79979

Missouri Court of Appeals, Western District.

Filed: June 20, 2017

· ·Brent E. Haden, John W. Shikles, Columbia for appellant.

Daniel G. Beckett, Phebe LaMar, Matthew R. Quetsch, Columbia for respondent.

Before Division Four: Mark D. Pfeiffer, Chief Judge, Presiding, Lisa White Hardwick and Edward R. Ardini, Jr.

Lisa White Hardwick, Judge

Kenneth and Shirley Stegner ("the Stegners") appeal the circuit court's order dismissing their petition to widen their private road, which they filed against Russell and Donna Milligan ("the Milligans"), the owners of the property over which the proposed widened road would pass. For reasons explained herein, we reverse and remand the case for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL HISTORY

The Stegners and Milligans own tracts of land that abut at their southeast and northwest corners. The Stegners also own an L-shaped 14-foot wide gravel road that runs through the Milligans' property. This road is the Stegners' only route to and from a public road that adjoins the Stegners' and the Milligans' properties.

In 2014, the Stegners filed a lawsuit against the Milligans ("2014 lawsuit") asking the court to award them a prescriptive easement over a dirt path that runs through the Milligans' property. The Stegners alleged that, for more than ten years, they and their tenants and assignees had been using the dirt path to access the Stegners' property with agricultural equip-

ment and passenger vehicles. The Stegners asked the court to hold that they were the owners of a 30-foot wide easement by prescription over this dirt path. In the alternative, the Stegners asked the court to hold that they were entitled to condemn an easement by necessity over the dirt path under Section 228.342, RSMo 2016.[1]

Following a bench trial, the court entered judgment in favor of the Milligans. The court found that the Stegners did not establish the right to a prescriptive easement because they failed to prove that their use of the dirt path was continuous, uninterrupted, visible, and adverse. The court further found that the Stegners did not establish the right to an easement by necessity over the dirt path because the evidence showed that the Stegners' gravel road was usable or could be made usable to allow them unfettered access to their property.

In March 2016, the Stegners filed a second lawsuit against the Milligans, which is the subject of this appeal. In this suit, the Stegners asked the court to grant them an easement by necessity to widen their gravel road from 14 feet to 25 feet. In their petition, the Stegners alleged that the Milligans had recently built fences enclosing the Stegners' road on both sides. The Stegners alleged that, with the addition of these fences, the gravel road's 14-foot width did not allow for the passage of modern farm equipment, including mowers, balers, and hay trailers, to the remainder of their property.

In response to the Stegners' petition, the Milligans filed a motion to dismiss the case on the basis that res judicata barred the Stegners' claim. The Milligans argued that the 2014 lawsuit constituted a judgment on the merits involving the same parties, the same claim of private condemnation of a wider road, and the same issue of strict necessity. The Milligans attached the petition and judgment in the 2014 lawsuit to their motion to dismiss. In their suggestions in opposition to the motion to dismiss, the Stegners argued that their claim in this suit was not the same as their claim in the 2014 lawsuit because the sufficiency of the width of their gravel road was not litigated or decided in the prior suit, and the impact of the Milligans' newly-constructed fences on the Stegners' access to their property was not considered in the prior suit.

The court held a hearing on the Milligans' motion to dismiss. During this hearing, the parties presented only arguments of counsel; no evidence or testimony was offered. Counsel for both parties asserted their recollections as to the extent of the testimony from the 2014 lawsuit regarding the sufficiency of the gravel road for the Stegners' agricultural use of their property. The Milligans' counsel argued that there was evidence offered during the 2014 lawsuit regarding whether the gravel road was sufficient and that, when the court rejected the Stegners' request in that lawsuit for an easement by necessity over the dirt path, the court specifically determined that the 14-foot-wide gravel road was sufficient.

In response, the Stegners' counsel argued that, while evidence of the existence of the gravel road may have negated their request for an easement by necessity over the dirt path in the 2014 lawsuit, the sufficiency of the gravel road after the Milligans' addition of barbed wire fences on both sides of the road was not litigated. When the Stegners' counsel also attempted to argue that, in addition to the barbed wire fences, there was another "change"

1. All statutory references are to the Revised Statutes of Missouri 2016.

on a "corner"[2] of the road that occurred after the 2014 lawsuit, the court stopped Stegners' counsel and told him that was "beyond where—what I should consider in a motion to dismiss."

At the conclusion of the hearing, the court advised counsel for both parties that they could submit further legal authority on the motion to dismiss to the court. The Stegners submitted amended suggestions in opposition to the motion to dismiss in which they argued that their present claim was not the same as their claim in the 2014 lawsuit and involved new facts that occurred after the judgment in the 2014 lawsuit.

The court subsequently entered its judgment sustaining the Milligans' motion to dismiss. Citing the petition and judgment from the 2014 lawsuit, as well as evidence presented during the trial in the 2014 lawsuit, the court found that res judicata and collateral estoppel barred the Stegners' present suit. The court dismissed the Stegners' petition with prejudice. The Stegners appeal.

### Whether Dismissal Motion was Properly Treated as Summary Judgment Motion

■ In Point I, the Stegners contend the circuit court's judgment dismissing their petition was actually a summary judgment against them that was entered without notice and in violation of Rule 74.04(c)'s requirements. The Stegners assert that the court's failure to demand compliance with Rule 74.04(c) requires reversal.

■ Although denominated a motion to dismiss, the Milligans' motion was actually a motion for summary judgment because the Milligans attached the petition and judgment from the 2014 lawsuit to the motion and relied upon them in arguing that res judicata barred the Stegners'

present suit. " 'Under Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on res judicata or related grounds should be treated as one for summary judgment.' " *Dunn v. Bd. of Curators of Univ. of Mo.*, 413 S.W.3d 375, 376 (Mo. App. 2013) (citation omitted). The petition and judgment in the 2014 lawsuit were presented and not excluded by the court, so the Milligans' motion should have been treated as one for summary judgment.

Rule 74.04(c)(1) requires that motions for summary judgment include a statement of uncontroverted material facts stated with particularity in separately numbered paragraphs; a copy of all discovery, exhibits, or affidavits on which the motion relies; and a separate legal memorandum explaining why summary judgment should be granted. The response to the motion for summary judgment must be filed within 30 days; set forth each statement of fact in its original paragraph number and either admit or deny them; support each denial with specific references to the discovery, exhibits, or affidavits that demonstrate a genuine issue of material fact; and set forth additional material facts that remain in dispute. Rule 74.04(c)(2).

■ As we noted recently in *Energy Creates Energy, LLC v. Heritage Group*, 504 S.W.3d 142, 148 (Mo. App. 2016), "[t]hese procedural requirements are not to be taken as idle suggestions." Rule 74.04 requires summary judgment motions to follow a specific format " 'in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes.' " *Id.* (quoting *Lackey v. Iberia R-V School Dist.*, 487 S.W.3d 57, 61 (Mo. App. 2016)). Because the purpose of Rule

---

**2.** This presumably refers to the 90-degree turn in the L-shaped gravel road.

74.04 is to aid the court in expediting the disposition of the case, "[t]he failure of the parties to adhere to the text of the rule robs it of its usefulness." *Id.*

■ This rationale for requiring compliance with Rule 74.04 "is equally applicable to a motion to dismiss that has been converted to a motion for summary judgment." *Id.* (footnote omitted). Where a motion to dismiss has been converted to a motion for summary judgment, the circuit court may direct the moving party to refile the motion in compliance with Rule 74.04(c) and order the opposing party to follow Rule 74.04(c)'s requirements, or it may "opt[ ] instead to chart a different procedural course." *Id.* Regardless of how the court chooses to proceed, the parties should be "required to follow the procedural and pleading requirements found in Rule 74.04." *Id.*

The court in this case did not require the parties to comply with Rule 74.04(c)'s requirements for summary judgment motions and responses. The Milligans argue that compliance with Rule 74.04(c) was not necessary because the Stegners acquiesced to the motion's conversion to a summary judgment motion. They rely on the principle that, "when both parties put forward evidence outside the pleadings and neither party objects, the parties have acquiesced to the motion to dismiss being converted to one for summary judgment without notice from the trial court and the dispensing of the procedural requirements of Rule 74.04." *Energy*, 504 S.W.3d at 149 (footnote omitted).

The Milligans note that, during the hearing, the Stegners' counsel discussed his recollection of the evidence in the 2014 trial, and he also showed the court an aerial photo that was an exhibit in the 2014 trial. The Milligans further note that the Stegners did not object to the court's consideration of the petition and judgment

from the 2014 lawsuit and, in fact, acknowledged in their suggestions in opposition to the motion to dismiss that, because "a determination of res judicata necessarily depends upon proof of a prior judgment, . . . an appellate court will review a motion to dismiss based on res judicata under the same standards as a motion for summary judgment." The Milligans argue that these actions evidence the Stegners' acquiescence to the conversion of the motion to one for summary judgment without notice from the circuit court and without compliance with Rule 74.04(c)'s requirements.

Contrary to the Milligans' assertion, the Stegners did not present evidence outside the pleadings. The Stegners' counsel's recollections about the evidence presented in the 2014 trial were merely arguments made in response to the Milligans' counsel's arguments, as well as the court's questions, on that issue. The recollections of both parties' counsel as to what evidence was presented during the 2014 trial constituted hearsay that was insufficient to support summary judgment. *See May & May Trucking, L.L.C. v. Progressive Northwestern Ins. Co.*, 429 S.W.3d 511, 516 (Mo. App. 2014). As for the aerial photograph that was an exhibit in the 2014 trial, the Stegners' counsel never offered the photograph as an exhibit in this case. Instead, counsel used the photograph to show the court an overview of the portions of the property at issue in the 2014 case and in the present case.

It is true that the Stegners did not object to the court's considering the petition and judgment from the 2014 lawsuit and acknowledged in their suggestions in opposition to the motion to dismiss that, because of the introduction of these materials, an appellate court would treat the motion to dismiss as a motion for summary judgment. The circuit court, however, never acknowledged that the introduction of

the 2014 petition and judgment converted the motion to a motion for summary judgment. In fact, the record shows that, throughout the hearing and in its judgment, the court continued to refer to and to treat the Milligans' motion as a motion to dismiss instead of a motion for summary judgment.

■ This led to inconsistencies in the court's consideration of evidence outside the pleadings. While the court clearly considered the petition and judgment from the 2014 lawsuit, which was evidence outside the pleadings offered by the Milligans, the court declined the Stegners' request to present evidence concerning the changes to the property since the 2014 lawsuit. The court's rationale for not allowing such evidence was that it would be "beyond … what [the court] should consider in a motion to dismiss." Because the motion to dismiss asserted res judicata, though, and res judicata does not bar subsequent claims based on facts that are unknown to plaintiff or yet-to-occur at the time of the first action,[3] evidence of changes to the property since the 2014 lawsuit was relevant to determining whether res judicata actually barred the Stegners' present claim of easement by strict necessity. Additionally, in ruling that collateral estoppel barred the Stegners' claim because the 2014 lawsuit also addressed the issue of the sufficiency of the width of the gravel road, the court summarized the nature of the Stegners' evidence during the 2014 trial and found that evidence was presented during that trial concerning the 14-foot wide gravel road. The transcript of the 2014 trial was never received into evidence during the hearing, however.[4] It is unclear whether the court reviewed the 2014 transcript on its own, without notifying the parties, or relied on counsels' recollection of the 2014 trial, which, as noted *supra*, was merely hearsay and was insufficient to support summary judgment. Either way, the Stegners were not provided the opportunity to dispute any facts elicited during the 2014 trial or to demonstrate why those facts did not support granting summary judgment in favor of the Milligans in the present case.

■ The parties do not dispute that the Milligans' reliance on the 2014 petition and judgment in seeking dismissal on the basis of res judicata converted their motion into a motion for summary judgment. The court's failure to acknowledge this and to require the parties to follow Rule 74.04(c)'s procedural and pleading requirements created confusion as to what materials the court would and would not consider in ruling on the motion. Furthermore, because the court did not require the Milligans to provide a statement of uncontroverted facts, we are left "to infer what facts are undisputed and what facts remain in dispute based solely on our review of the referenced materials and the arguments made by the parties." *Energy*, 504 S.W.3d at 149. The factual record in this case consists only of the petition and judgment in the 2014 lawsuit and does not include any facts regarding the alleged changes to the property since the 2014 lawsuit—facts that bear directly on the issue of whether res judicata or collateral

3. See *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 716 (Mo. banc 2008); *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 320 (Mo. banc 2002).

4. At one point during the hearing, the Stegners' counsel suggested that the court "pull the transcript" of the 2014 trial to resolve a conflict between counsels' recollections of statements made by the court during that proceeding. The court declined to do so, finding that the court's judgment in the 2014 lawsuit took precedence over any statements the court may have made from the bench.

estoppel bars the Stegners' present claim. "Where a failure to follow the requirements of Rule 74.04 leaves the factual record insufficiently developed, summary judgment must be denied." *Id.*

The circuit court erred in granting the Milligans' motion. The Stegners' Point I is granted, and the judgment is reversed. Because we are reversing the judgment, we need not address the Stegners' Points II and III, in which they challenge the court's determination that res judicata and collateral estoppel bar their claim.

### CONCLUSION

The judgment is reversed. The case is remanded for further proceedings consistent with this opinion.

All Concur.