VICTOR C. HOWARD, JUDGE
*500 John and Tracey Isom appeal the judgment of the Carroll County Circuit Court dismissing their petition. They claim the trial court erroneously treated the motion to dismiss as a motion for summary judgment and in finding they do not have standing. Isom also says their petition was not barred by res judicata. The judgment is reversed and remanded.
Facts
On September 30, 2016, John and Tracey Isom (collectively Isom) filed a Petition for Quiet Title Declaratory Judgment, Wrongful Foreclosure, and Violations of the Missouri Merchandising Practices Act in the Carroll County, Missouri circuit court. With respect to this appeal, the petition alleged:
John and Tracey Isom own real property.
On July 1, 2016, the defendants Deutsche Bank National Trust Company and J.P. Morgan Acquisition Trust (collectively Deutsche) caused to be conducted a foreclosure sale pursuant to a deed of trust that was signed on September 29, 2006.
Deutsche has not disclosed the identity of the "holders" on whose behalf it acts.
On August 1, 2016, Deutsche filed a Petition in Unlawful Detainer against Isom as Trustee on behalf of the trust alleging that it is the purchaser and owner of the Isom real estate through the July 1, 2016 foreclosure sale.
The legal ability and authority of Deutsche to receive, possess, act upon, or give directions regarding Isom's loan is strictly governed by its own governing documents, including its Pooling and Service Agreement (PSA).
The terms of the PSA identify June 15, 2007 as the closing date of Deutsche's ability to purchase and deposit loans in the pool.
The assignment by Deutsche purporting to represent an assignment of ownership of the deed of trust is dated July 27, 2012, more than five years after the closing in 2007.
The alleged assignment of the deed of trust is void and otherwise a nullity.
Isom was not in default with Deutsche because they did not hold the right to enforce the alleged promissory note because the promissory note was not validly assigned.
On November 1, 2016, Deutsche removed the case to the Federal District Court for the Western District of Missouri. On November 18, 2016, Deutsche filed a motion to dismiss. They claimed that Isom's cause was barred by res judicata and that Isom lacked standing.
On January 6, 2017, the District Court made a finding that Isom lacked standing. The rationale was that Isom is not a party to the PSA and thus lacks standing to complain that the PSA was not followed. Further, any such violation of the PSA, if true, would not change the fact that Deutsche owned the note and has the right to enforce the deed of trust. The parties to the PSA could conceivably pursue a claim that Deutsche should not have purchased *501 the asset, but it would not change the fact that Deutsche actually did so.
The federal court made the following finding: "In the event a case is removed to federal court and the Court determines the plaintiff lacks standing, the Court must remand the case to the state court where it was originally filed." The federal court accordingly remanded the case back to Carroll County Circuit Court. Because the ruling turned on the issue of standing, the federal court judge did not reach Deutsche's alternative theory that the court must find in their favor because of res judicata.
Deutsche filed a motion to dismiss with the state court on January 17, 2017. Isom filed a Response in Opposition to motion to dismiss on March 8, 2017. The trial court also held a hearing on the motion on March 8, 2017.
Judgment was entered on March 29, 2017. The trial court found that the motion to dismiss filed in the Missouri state court was similar to the motion to dismiss filed in the federal court. The Missouri trial court found the federal opinion "instructive throughout" and quoted relevant provisions. The trial court sustained Deutsche's motion to dismiss finding that Isom lacked standing. It did not address the res judicata argument.
This appeal follows.
Standard of Review
"We review the grant of a motion to dismiss de novo and will affirm the dismissal on any meritorious ground stated in the motion." Gerke v. City of Kansas City , 493 S.W.3d 433, 436 (Mo. App. W.D. 2016). "In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiff[ ] all reasonable inferences from those allegations." Id.
Motion to Dismiss-Beyond the Pleadings
"Evidence outside the pleadings cannot serve as the basis of granting a motion to dismiss." Breeden v. Hueser , 273 S.W.3d 1, 15 (Mo. App. W.D. 2008). "Under Rule 55.27, a motion to dismiss can be treated as one for summary judgment if the trial court considers evidence outside the pleadings and certain procedural requirements are satisfied." In re Estate of Ridgeway , 369 S.W.3d 103, 109 (Mo. App. E.D. 2012). "The court must notify the parties that it intends to do so and allow them a reasonable opportunity to present all pertinent materials." Id. (citing Rule 55.27(a)).
The procedural requirements for summary judgment found in Rule 74 are "not to be taken as idle suggestions." Stegner v. Milligan , 523 S.W.3d 538, 541 (Mo. App. W.D. 2017) (internal quotation omitted). "Rule 74.04 requires summary judgment motions to follow a specific format in order to clarify the areas of dispute and eliminate the need for the trial or appellate court to sift through the record to identify factual disputes." Id. (internal quotation omitted). "Because the purpose of Rule 74.04 is to aid the court in expediting the disposition of the case, the failure of the parties to adhere to the text of the rule robs it of its usefulness." Id. at 541-42 (internal quotation omitted). "This rationale for requiring compliance with Rule 74.04 is equally applicable to a motion to dismiss that has been converted to a motion for summary judgment." Id. at 542 (internal quotation omitted).
"Where a motion to dismiss has been converted to a motion for summary judgment, the circuit court may direct the moving party to refile the motion in compliance with Rule 74.04(c) and order the opposing party to follow Rule 74.04(c)'s *502 requirements, or it may opt instead to chart a different procedural course." Id. (internal quotation omitted). "Regardless of how the court chooses to proceed, the parties should be required to follow the procedural and pleading requirements found in Rule 74.04." Id. (internal quotation omitted).
Standing-Party to the PSA
The trial court granted Deutsche's motion to dismiss on the basis that Isom lacks standing because Isom was not a party to the PSA. Isom argues on appeal that the trial court went beyond the pleadings in making this finding. Specifically, Isom says there were no facts in evidence or in the petition allegations as to who were and were not the parties to the PSA.[1]
Isom was not required to attach the PSA as an exhibit to the petition. See Rule 55.22 ("When a claim or defense is founded upon a written instrument, the same may be pleaded according to legal effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit."). The PSA was not attached to any pleading. It was not entered into evidence. It was not before the court at all.
In determining the issues related to standing, the court considers "not only plaintiffs' petition but also the additional non-contested facts which all parties accepted as true at the time of argument on the motion to dismiss." Hinton v. City of St. Joseph , 889 S.W.2d 854, 857 (Mo. App. W.D. 1994). Deutsche did not file an answer in this case. At no time did all parties agree that Isom was not a party to the PSA.
Deutsche notes that the petition did not assert that Isom was a party to the PSA. Further, Deutsche cites the portion of the petition where Isom says they do not know who the holders of the trust are. Thus, they conclude it was reasonable for the trial court to infer that Isom was not a party to the PSA. This inference (against the plaintiff) goes against the standard used in evaluating a motion to dismiss.
Candidly, this court finds it hard to imagine that if Isom was party to the PSA that they would not have stated so in the petition or the suggestions in opposition to the motion to dismiss. That does not change the fact, however, that the trial court made a finding based on Isom not being a party to the PSA when the identities of the parties to the PSA were not contained in the pleadings. The trial court necessarily went beyond the pleadings.
Standing-Applicability of Precedent
The trial court's findings were problematic for a second reason. The trial court cited "a judicial consensus" that a "borrower on the underlying loan is not a party to the PSA; thus, the borrower lacks standing to complain the PSA was not followed."
When an assignment occurs after a PSA's closing date, most courts "hold that the assignment is voidable at the option of the parties to the PSA." Wood v. Germann , 331 P.3d 859, 861 (Nev. 2014). "These courts have recognized that a PSA is a contract between the originating lender and the subsequent purchaser/trustee and that, under traditional principles of contract law, a contracting party is capable of ratifying conduct that is done in violation of the contract." Id. "Thus, although a post-closing-date loan assignment violates *503 the terms of the PSA, these courts conclude that such an assignment is not void, but is merely voidable, because the trust has the option of accepting the loan assignment despite its untimeliness." Id. "Applying these traditional principles of contract law, these courts further hold that the homeowner, who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment." Id.
This judicial consensus comes from an interpretation of the PSA at issue in each particular case pursuant to state contract law. As noted above, the trial court did not have the PSA at issue before it. It essentially interpreted the PSA using the summary of the document provided by the defendants in a motion to dismiss. A motion to dismiss and the suggestions attached thereto are not pleadings. White v. Bowman , 304 S.W.3d 141, 146 (Mo. App. S.D. 2009). The trial court went beyond the pleadings.
Res Judicata
The second basis asserted in Deutsche's motion to dismiss was that Isom's claims are barred by res judicata. The trial court did not reach this issue because it found a lack of standing.
Deutsche relied on prior bankruptcy proceedings for this claim. In its suggestions in support, it set forth numerous facts relating to the prior proceeding, often citing electronic docket entries. Isom did not attach the bankruptcy documents to their petition. Thus, the bankruptcy proceeding was not contained in the pleadings. Despite this, the trial court found in its judgment that:
In greater detail, the facts of the case, or the time line of events, are set out at Paragraphs #1 through #33 of Defendants' Motion to Dismiss. While the Court takes note of Plaintiff's exception to certain electronic docket entries in the bankruptcy proceedings referenced in these paragraphs ... the facts recited are accepted as accurate for the purposes of this determination.
In their suggestions in opposition, Isom claimed that the electronic docket entries were wrong in several respects. They noted that the wrong debtor was cited at one point and that gaps in information appeared at others. In complete contravention of the standard to be used in assessing a motion to dismiss, the trial court did not interpret the facts in the plaintiff's favor. Instead, it took the facts as set forth by the defendants, even though the plaintiff's objected to their accuracy. Moreover, it took the facts from the suggestions in support of the motion to dismiss even though that is not a pleading. See White , 304 S.W.3d at 146.
" 'Under Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on res judicata or related grounds should be treated as one for summary judgment.' " Stegner , 523 S.W.3d at 541 (quoting Dunn v. Bd. of Curators of Univ. of Mo. , 413 S.W.3d 375, 376 (Mo. App. 2013) ); see also Schnurbusch v. W. Plains Reg'l Animal Shelter , 507 S.W.3d 675 (Mo. App. S.D. 2017) (holding the trial court improperly turned a motion to dismiss into a motion for summary judgment where the motion to dismiss alleging res judicata attached the petition and judgment from the prior case and where the trial court relied on the extrinsic materials). Compare Williston v. Vasterling , 536 S.W.3d 321 (Mo. App. W.D. 2017) (finding that a trial court did not err in considering an exhibit attached to a motion to dismiss because the exhibit was the court's own prior record and courts may take judicial notice of their own records). The trial court failed to do so here.
*504 Conclusion
The motion to dismiss was premised upon the contents of the PSA and the prior bankruptcy proceedings. Those documents were not contained in the pleadings. Thus, the trial court treated the motion to dismiss as a motion for summary judgment. We reverse and remand with directions to the trial court to allow the defendants to re-file their motion in compliance with Missouri Supreme Court Rule 74.04(c) governing summary judgment, and to order Isom to follow the requirements of 74.04 as well. See Walters Bender Strohbehn & Vaughan, P.C. v. Mason , 316 S.W.3d 475, 481 (Mo. App. W.D. 2010).
All concur.

The federal district court determined that Isom lacked standing under Article III of the United States Constitution, which defines the subject-matter jurisdiction of federal courts. Deutsche does not argue that the federal court's decision should be given preclusive effect on the standing issue following remand to the Missouri circuit court.